IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RAMONDRIA J. JOHNSON,  Plaintiff,  v.  NEIL JUMP, et al.,  Defendants. | CIVIL ACTION NO.: 2:21-cv-104 |

**REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

**PLAINTIFF'S CLAIMS**[1]

Plaintiff, a pretrial detainee proceeding pro se, brings a 42 U.S.C. § 1983 suit against Defendants who are employees at the Glynn County Detention Center. Plaintiff explains on January 20, 2021, while at Glynn County Detention Center, Defendants Massey and Williams entered his cell pod and informed him and other inmates they (the inmates) had been exposed to

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

COVID-19.  Doc. 1 at 16.  At this point, all inmates were provided facemasks and tested for COVID-19.  Id.  The next day, Plaintiff was informed he tested positive for COVID-19.  Id.  Plaintiff, along with other inmates who tested positive, were moved to a different cell pod and told they would need to quarantine for 14 days.  Id. at 17.  While in quarantine, Plaintiff's privileges and recreation time were limited, including his telephone privileges, and he was only permitted to shower occasionally.  Id. at 17, 19.  Additionally, when Plaintiff complained of symptoms related to COVID-19, he was only provided acetaminophen.  Id.

On January 26, 2021, Plaintiff received a roommate, who had also tested positive for COVID-19, because Glynn County Detention Center needed to make room for other detainees.  Id. at 17.  Similarly, in early February 2021, Plaintiff received two additional roommates for the remainder of his time in quarantine.  Id. at 18.  On February 10, 2021, Plaintiff was released from his quarantine and returned to general population.  Id.  Plaintiff asserts he must have contracted COVID-19 at the facility because he and other inmates were not tested for it when entering the Glynn County Detention Center or guards were not regularly tested for the virus.  Id.

Plaintiff seeks injunctive relief, requiring Glynn County Detention Center to provide regular testing and additional mask requirements.  Id. at 20.  Additionally, Plaintiff seeks monetary damages in the amount of $100 million for his injuries in relation to contracting COVID-19.  Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the

complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

### I. Official Capacity Claims

Plaintiff is suing Defendants Neil Jump, R. Corbett, Major Massey, and Medical Staff only in their official capacities for monetary damages. Doc. 1 at 2–3. Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state agency

or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983. Id. at 71. Furthermore, it is well-settled law sheriffs and members of the sheriff department acting in a law enforcement capacity are acting on behalf of the state. See Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003); Grech v. Clayton County, 335 F.3d 1326, 1347 (11th Cir. 2003) ("[T]he sheriff acts on behalf of the State in his function as a law enforcement officer . . . ."). As this Court has recognized,

> Since Manders was decided in 2003, the relevant Georgia law remains essentially unchanged. Indeed, it is now 'insurmountable' that Georgia sheriffs act as arms of the state—not as county officials . . . . In sum, Manders and its progeny dictate that where a sheriff and his deputies are performing their official and authorized duties as state actors . . . they are entitled to Eleventh Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against them in their official capacities.

Frederick v. Brown, No. CV 113-176, 2015 WL 4756765, at *14 (S.D. Ga. Aug. 10, 2015) (internal citations omitted) (citing Manders, 338 F.3d at 132; Grech, 335 F.3d at 1332–40; Hall v. Fries, No. 7:13-CV-105, 2014 WL 1389063, at *4–5 (M.D. Ga. Apr. 9, 2014); Scott v. Mercier, No. 5:06-CV-33, 2007 WL 2728440 (S.D. Ga. Sept. 14, 2007); and Lewis v. Wilcox, No. 3:06-cv-29, 2007 WL 3102189, at *8 (M.D. Ga. Oct. 23, 2007)).

Here, the State of Georgia would be the real party in interest in a suit against Defendants Jump, Corbett, Massey, and Medical Staff in their official capacities as employees of the Glynn County Sherriff's Department. Accordingly, the Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities. Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief. Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants Jump, Corbett, Massey, and Medical Staff in their official capacities under § 1983.

II.     **Plaintiff Fails to State a Claim Against Defendants**

Plaintiff names Jump, Corbett, Massey, Medical Staff, Sergeant Williams, Captain Ribron, and Stacey Young as Defendants but makes almost no factual allegations against them. The only factual allegations against any of these Defendants is that Defendants Massey and Williams informed Plaintiff he had been exposed to COVID-19 and medical staff provided Plaintiff with COVID-19 testing and treatment, in the form of acetaminophen.  Doc. 1 at 16, 19.  The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Plaintiff fails to explain how the named Defendants were involved in any violations of his constitutional rights.[2]

To the extent Plaintiff seeks to hold Defendants Jump or Corbett liable for the acts of their subordinates without alleging any personal involvement, his claim also fails.  Plaintiff only includes Defendants Jump or Corbett in the caption.  "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted).  To hold a supervisory official or an

---

[2]     Even considering the substance of Plaintiff's factual allegations, Plaintiff fails to point to any conduct suggesting a constitutional violation.  See, e.g., Swain v. Junior, 961 F.3d 1276, 1289 (11th Cir. 2020) (concluding rising COVID-19 infection rates, failure to prevent spread, and failure to provide for social distancing in a correctional facility did not warrant preliminary injunctive relief under § 1983); Donald v. Esmond, No. 3:20CV5665, 2021 WL 2666869, at *8 (N.D. Fla. Feb. 16, 2021) (concluding pretrial detainee failed to state any constitutional violation based on spread of COVID-19 in detention facility and purported inadequacy of preventative measures and care), *report and recommendation adopted sub nom.* McDonald v. Fountain, No. 3:20CV5665, 2021 WL 2661948 (N.D. Fla. June 29, 2021).

5

employer liable, Plaintiff must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted above, Plaintiff has not alleged Defendants Jump or Corbett participated in the events forming the basis of any of Plaintiff's claims. Moreover, Plaintiff has not proffered any reason to support the conclusion Defendants Jump or Corbett violated any of Plaintiff's constitutional rights.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants Jump and Corbett and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by* Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Plaintiff has not made the necessary showing with respect to Defendants Jump or Corbett. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, as he fails to state a claim against any of the named Defendants.

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Amended Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 1st day of April, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA